# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATRINA L. WEBSTER,<br><br>*Plaintiff*,<br><br>v.<br><br>RICHARD V. SPENCER, Secretary, U.S. Department of the Navy, *et al.*,<br><br>*Defendants*. | Civil Action No. 17-1472 (DLF) |

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion to Dismiss filed by three of the defendants in this case. Dkt. 13. For the following reasons, the Court will grant the motion and direct that this case proceed against the remaining defendant.

## I. BACKGROUND

Pro se plaintiff Katrina Webster is an employee of Strategic Systems Programs (SSP), a division within the Department of the Navy. *See* Compl. ¶¶ 9, 18, 25–26, Dkt. 1. Her complaint names four defendants: (1) Richard Spencer, the Secretary of the Navy, in his official capacity;[1] (2) Kevin Keefe, Associate General Counsel for SSP, in his individual capacity;[2] (3) James Lee, Deputy General Counsel of the Equal Employment Opportunity Commission, in his individual

---

[1] When this suit began, Sean Stackley was the Secretary of the Navy. When Richard Spencer became the Secretary, he was automatically substituted. *See* Fed. R. Civ. P. 25(d).

[2] The complaint identifies Keeve as the "Assistant General Counsel" of SSP. Compl. at 1, ¶ 10. According to a declaration filed by Keefe, he is a Supervisory Attorney for the Department of the Navy's Office of General Counsel, and he is assigned as an Associate Counsel for Civilian Personnel Law at SSP. Keefe Decl. ¶ 1, Dkt. 13-1. The defendants' motion identifies Keefe as "Associate General Counsel" for SSP, so the Court uses that label. Defs.' Mot. at 1, Dkt. 13.

capacity; and (4) Jack Rickert, Assistant General Counsel of the National Geospatial-Intelligence Agency, in his individual capacity. *Id.* at 1, ¶¶ 8–12.[3]

In general, Webster alleges that the defendants discriminated against her due to her race and retaliated against her for filing numerous EEOC complaints. *See id.* ¶¶ 15, 308–16. More specifically, she alleges that she has not been promoted since the early 2000s because the defendants colluded to deny her promotion, training, and bonuses. *Id.* ¶¶ 18–21, 25–26, 309. And in doing so, the defendants allegedly intended to subject Webster to so much financial hardship that her security clearance would be revoked. *See, e.g.*, *id.* ¶¶ 18–21, 312. Based on these allegations of discrimination and retaliation, the complaint asserts three claims under Title VII, *id.* ¶¶ 308–10 (Count I); 42 U.S.C. § 1983, *id.* ¶¶ 311–12 (Count II); and 42 U.S.C. § 1981, *id.* ¶¶ 313–16 (Count III).

On January 12, 2018, the Secretary of the Navy answered the complaint on behalf of himself, the Department of the Navy, and SSP, Dkt. 12, but the other three defendants—Keefe, Lee, and Rickert—moved to dismiss the claims against them, Dkt. 13. The Court then issued an order pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), directing Webster to respond to the partial motion to dismiss. Dkt. 14. Webster filed an opposition brief on January 31, 2018, Dkt. 15, then an "amendment" to the brief one week later, Dkt. 17. The motion to dismiss is now fully briefed.

---

[3] The complaint also suggests that SSP and the Department of the Navy are defendants, *see* Compl. ¶¶ 9, 11, even though the complaint does not list them in its caption, *see id.* at 1–2. Regardless, the Secretary of the Navy answered the complaint in his official capacity on behalf of himself, SSP, and the Department of the Navy. Dkt. 12. And although the Secretary maintains that he is the only proper party defendant for Webster's Title VII claims, at this time he does not seek to dismiss the SSP or the Department of the Navy, "both of which fall within Secretary Spencer's jurisdiction and authority." Defs.' Mot. at 4 n.2. Therefore, the Court does not address the issue.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 557 ("Factual allegations must be enough to raise a right to relief above the speculative level."). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). Although a pro se complaint is generally entitled to a liberal construction, *see Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009), the assumption of truth does not apply to a "legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (quotation marks omitted). An "unadorned, the defendant-unlawfully-harmed-me accusation" is not credited; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When deciding a Rule 12(b)(6) motion, the court may consider only the complaint itself,

documents attached to the complaint, documents incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Finally, a Rule 12(b)(6) dismissal for failure to state a claim "is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

## III. ANALYSIS

Webster's complaint asserts claims under Title VII, § 1981, and § 1983. *See* Compl. ¶¶ 308–16; *see also id.* ¶ 1 ("This is an action . . . seeking redress for violations [of] 42 U.S.C. § 1981, § 1983, and Title VII of the Civil Rights Act."). With respect to Keefe, Lee, and Rickert, the complaint fails to state claims upon which relief can be granted. And to the extent that the complaint can be read to assert an Age Discrimination in Employment Act (ADEA) claim and a *Bivens* claim, those claims fail also.

### A. Title VII

Keefe, Lee, and Rickert move to dismiss the Title VII claims against them. *See* Defs.' Mot. at 9–11, Dkt. 13. Title VII protects federal employees from workplace discrimination by providing a cause of action against "the head of the [federal] department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c). Indeed, "the *only* proper defendant in a Title VII suit is the head of the department, agency, or unit in which the allegedly discriminatory acts transpired." *Webster v. Mattis*, 279 F. Supp. 3d 14, 18 (D.D.C. 2017) (alterations omitted and emphasis added) (quoting *Hackley v. Roudebush*, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975)); *accord Davis v. Califano*, 613 F.2d 957, 958 n.1 (D.C. Cir. 1979). "Title VII does not impose liability on individuals in their personal capacities." *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 135 (D.D.C. 2016); *see also Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995). In this case, therefore, the only appropriate Title VII defendant is the Secretary of the Navy in his official

4

capacity. Keefe, Lee, and Rickert are not proper Title VII defendants because they are sued in their individual capacities and they do not head any department, agency, or unit in which discrimination allegedly occurred: Keefe is an Associate General Counsel for SSP; Lee is Deputy General Counsel of the Equal Employment Opportunity Commission; and Rickert is an Assistant General Counsel for the National Geospatial-Intelligence Agency. Compl. at 1, ¶¶ 8–12. Count I thus fails to state a Title VII claim against Keefe, Lee, and Rickert. *See Webster*, 279 F. Supp. 3d at 18 (dismissing Title VII claims brought by Webster's husband against non-head federal employees, including Lee and Rickert).[4]

### B.     42 U.S.C. §§ 1981 and 1983

Keefe, Lee, and Rickert also move to dismiss the claims asserted under 42 U.S.C. §§ 1981 and 1983. *See* Defs.' Mot. at 11–13. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment *under color of State law*.

---

[4] Moreover, it is true that "a supervisory employee may be joined as a party defendant in a Title VII action," *Gary*, 59 F.3d at 1399, but the complaint does not allege that Keefe, Lee, and Rickert were Webster's supervisors. Even if it did, a supervisory-employee defendant "must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Id.* In such cases, the claims against a supervisory employee "essentially merge[]" with the claims against the employer, so the former may be dismissed. *Id.* In *Gary*, for example, the D.C. Circuit affirmed the dismissal of a redundant Title VII claim. *Id.* Also, other judges in this district have dismissed merged claims because they are "redundant and inefficient use[s] of judicial resources." *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 185 (D.D.C. 2008) (quotation omitted); *see Ndzerre v. WMATA*, 174 F. Supp. 3d 58, 64–65 (D.D.C. 2016). For the same reasons, even if Keefe, Lee, and Rickert were supervisory employees sued in their official capacities, the Court would still dismiss the Title VII claims against them. *See Thomas v. WMATA*, No. 17-cv-1508, 2018 WL 1709711, at *6 (D.D.C. Apr. 9, 2018) (dismissing merged Title VII claims).

42 U.S.C. § 1981 (emphasis added). And § 1983 provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). Critically, these provisions protect against discrimination under color of *state* law, not federal law. *See DynaLantic Corp. v. U.S. Dep't of Def.*, 885 F. Supp. 2d 237, 291 (D.D.C. 2012) ("Section 1981 does not apply to actions taken under the color of federal law, nor does it permit suit against instrumentalities of the federal government."); *accord Turner v. Shinseki*, 824 F. Supp. 2d 99, 113 n.15 (D.D.C. 2011); *Prince v. Rice*, 453 F. Supp. 2d 14, 25 (D.D.C. 2006). And "a federal employee who is covered by [Title VII] may not sue under section 1981." *Torre v. Barry*, 661 F.2d 1371, 1374 (D.C. Cir. 1981). Likewise, § 1983 "does not apply to federal officials acting under color of federal law," *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005), and § 1983 "is limited to state action," *Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 81 (D.D.C. 2009); *accord Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007). Here, Keefe, Lee, and Rickert are employees of the federal government, and the complaint does not allege that they acted under color of state law in any way. Therefore, Counts II and III fail to state claims against them under § 1981 and § 1983.

### C. Age Discrimination in Employment Act

Webster's "amendment" to her opposition brief argues that the complaint also asserts an ADEA claim. *See* Pl.'s Am. Opp'n at 1–2, Dkt. 17 ("Age discrimination was alleged in several claims found within Plaintiff's 7/24/2017 Court Complaint"; "Plaintiff is invoking her rights under ADEA"). But the complaint does not assert any ADEA claims. Counts I through III do

not mention age discrimination or the ADEA. The first paragraph of the complaint makes clear that "this is an action . . . seeking redress for violations [of] 42 U.S.C. § 1981, § 1983, and Title VII of the Civil Rights Act." Compl. ¶ 1. "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Hawkins v. WMATA*, No. 17-cv-1982, 2018 WL 2023509, at *9 (D.D.C. Apr. 27, 2018) (quoting *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F.Supp.2d 165, 170 (D.D.C. 2003)). Therefore, Webster's opposition brief cannot make up for the deficiencies of the complaint.

Moreover, even if the complaint could be read to assert ADEA claims against Keefe, Lee, and Rickert, the claims would still fail. Like Title VII, the ADEA "do[es] not impose individual liability," and "the only proper defendant . . . is the head of the department or agency being sued." *Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 67 (D.D.C. 2011); *see also Lawson v. Sessions*, 271 F. Supp. 3d 119, 125 n.1 (D.D.C. 2017); *Smith v. Janey*, 664 F. Supp. 2d 1, 8 (D.D.C. 2009).

### D. *Bivens*

Because the complaint vaguely alludes to constitutional violations, the Court addresses whether the complaint states a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, which recognized an implied cause of action for damages against federal officers alleged to have violated certain constitutional rights. 403 U.S. 388 (1971). To analyze a *Bivens* claim, a court must first "identify the exact contours of the underlying right said to have been violated and determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998); *accord Klayman v. Obama*, 125 F. Supp. 3d 67, 89 (D.D.C. 2015). And at the least, "[b]ecause vicarious liability is inapplicable to *Bivens* . . . , a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, the complaint does not identify any constitutional right violated by Keefe, Lee, and Rickert. Instead, the complaint makes a few vague assertions about the Constitution generally. *See, e.g.*, Compl. ¶ 312 ("[T]he SSP failed to properly train its employees as to display a deliberate indifference to the constitutional rights of Plaintiff."); *id.* ¶ 316 ("Plaintiff seeks to recover not only for Defendants Keefe, James L. Lee and Rickert's direct participation in the alleged violation, but also their gross negligence and collusion in/with the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations were occurring."). That is insufficient to state a *Bivens* claim. *See Klayman*, 125 F. Supp. 3d at 89 (dismissing for failure to state a *Bivens* claims because the "[p]laintiffs' single, conclusory sentence provides no context identifying which rights have allegedly been violated").

Furthermore, even if the complaint could be read to identify a constitutional right that has been violated, an implied cause of action under *Bivens* would not be available. The Supreme Court has implied a *Bivens* cause of actions in only three circumstances in the nearly fifty years since *Bivens*: a Fourth Amendment claim in *Bivens* itself, a Fifth Amendment claim for gender discrimination in *Davis v. Passman*, 442 U.S. 228 (1979), and an Eight Amendment claim for cruel and unusual punishment in the prison context in *Carlson v. Green*, 446 U.S. 14 (1980). More recently, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1857. Indeed, the Supreme Court has consistently refused to extend *Bivens* to any new context or any new category of defendants for the past thirty years. *Id.*; *see also id.* (collecting Supreme Court cases declining to imply a *Bivens* cause of action).

When determining whether to imply a *Bivens* cause of action, "[t]he question is who should decide whether to provide for a damages remedy, Congress or the courts?" *Id.* (internal quotation marks omitted). "In most instances, . . . the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id.* (internal quotation marks omitted). Thus, "the Court has urged caution before extending *Bivens* remedies into any new context," and "a *Bivens* remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* (internal quotation marks omitted). Relevant here, "[o]ne 'special factor' that precludes creation of a *Bivens* remedy is the existence of a comprehensive remedial scheme." *Wilson v. Libby*, 535 F.3d 697, 705 (D.C. Cir. 2008); *see also Cohen v. Bd. of Trustees*, No. 14-cv-0754, 2018 WL 1935627, at *14 (D.D.C. Apr. 24, 2018). "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action. For if Congress has created any alternative, existing process for protecting the injured party's interest that itself may amount to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Ziglar*, 137 S. Ct. at 1858 (alterations and internal quotation marks omitted). In Title VII, Congress enacted a comprehensive scheme that addresses precisely the wrongdoing alleged by Webster: discrimination and retaliation in federal employment. And Title VII is "the *exclusive* judicial remedy for claims of discrimination in federal employment." *Brown v. GSA*, 425 U.S. 820, 835 (1976) (emphasis added). Therefore, the Court declines to imply a *Bivens* cause of action in this case, and the complaint fails to state any such claim against Keefe, Lee, and Rickert.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss filed by the defendants Keefe, Lee, and Rickert, Dkt. 13, is **GRANTED**.  Accordingly, it is **ORDERED** that Webster's claims against Keefe, Lee, and Rickert are **DISMISSED**.

This case will now proceed against the only remaining defendant, Richard Spencer in his official capacity as Secretary of the Navy, who has answered the complaint on behalf of himself, the Department of the Navy, and SSP.  *See* Dkt. 12.  Therefore, it is further

**ORDERED** that the remaining parties shall confer in accordance with Rule 26(f) and Local Civil Rule 16.3 and the parties shall file, on or before July 18, 2018, a joint meet and confer report as set forth in Local Civil Rule 16.3(d).  After receiving the joint meet and confer report, the Court will set a scheduling conference unless the Court determines, on the basis of the report, that a conference is unnecessary.  *See* Local Civil Rule 16.4.

**SO ORDERED**.

                                                                                   _____
                                                                                   DABNEY L. FRIEDRICH
                                                                                   United States District Judge

Date:  June 27, 2018