UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATRINA L. WEBSTER,

*Plaintiff*,

v.

RICHARD V. SPENCER, Secretary, U.S.
Department of the Navy, *et al.*,

*Defendants*.

Civil Action No. 17-1472 (DLF)

**MEMORANDUM OPINION & ORDER**

On June 27, 2018, the Court dismissed all counts against defendants Kevin Keefe, James Lee, and Jack Rickert in their individual capacities. Mem. Op. & Order at 1–2, 10, Dkt. 19. Only the claims against Secretary Richard Spencer remain. *Id.* The plaintiff, Katrina Webster, filed an objection to the Court's decision, Pl.'s Objection, Dkt. 20, and requested the recusal of the undersigned, Pl.'s Objection at 5–6. The Court construes Webster's filing as a Motion for Reconsideration and a Motion to Disqualify. For the reasons that follow, the Court will deny both motions.

**I.  BACKGROUND**

This Court previously held that Webster failed to state a claim under Title VII, 42 U.S.C. §§ 1981 and 1983, the Age Discrimination in Employment Act (ADEA), and *Bivens*. Mem. Op. & Order at 4–10. The Court dismissed Webster's statutory claims as to Keefe, Lee, and Rickert because they were not proper defendants under the relevant statutes. *Id.* at 4–7. And it dismissed her *Bivens* claims because she did not adequately allege a constitutional violation. *Id.*

at 8.[1]  The Court also noted that, even if Webster had alleged a violation of her constitutional rights, it was not clear that a *Bivens* cause of action would be available.  *Id.* at 8–9.

Webster requests reconsideration for four reasons.  First, she argues that the Court made a factually inaccurate statement.  Pl.'s Objection at 1–4.  Second, she argues that the Court failed to liberally construe her ADEA claims.  *Id.* at 4–5.  Third, she argues that the discrimination she experienced resulted from "the collusion of Keefe, Lee, and Rickert."  *Id.* at 5.  Finally, she argues that her suit may proceed against the dismissed defendants under 18 U.S.C. § 242.  Pl.'s Reply at 3, Dkt. 24.

In addition, Webster requests recusal because "a white Judge replac[ed] a black Judge in a case where the Defendants are all white," because of purported mistakes in the Court's prior ruling, and because another judge has more "familiarity" with her case and a related case filed by her husband.  Pl.'s Objection at 5.

The Court considers each of Webster's arguments in turn.

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) "allows a litigant to move for reconsideration or modification of a district court's interlocutory order disposing of 'fewer than all the claims or the rights and liabilities of fewer than all the parties' 'at any time' before the court's entry of final judgment."  *Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015) (quoting Fed. R. Civ. P. 54(b)).  In particular, a district court has discretion "to set aside a judgment whose enforcement would work inequity."  *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 234 (1995).  Courts will

---

[1] Although Webster did not explicitly raise a *Bivens* claim in her Complaint, the Court considered whether she had stated such a claim.  Mem. Op. & Order at 7–9.

reconsider an opinion when they have "patently misunderstood a party[,] . . . [when they have] made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Scahill v. District of Columbia*, 286 F. Supp. 3d 12, 17–18 (D.D.C. 2017) (internal quotation marks omitted) (alterations in original). "[I]n order to promote finality and protect [courts'] judicial resources, [courts are] loath to revisit [their] prior decision[s] absent extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Hall & Assocs. v. EPA*, 210 F. Supp. 3d 13, 18 (D.D.C. 2016) (citation omitted). "The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012).

### B. Motion to Disqualify

Two statutory provisions govern disqualification. First, 28 U.S.C. § 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard for disqualification under [Section] 455(a) is an objective one. The question is whether a reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001). The party seeking disqualification must show either that a judge relied on an extrajudicial source or that there was "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 554–55 (1994).

Second, 28 U.S.C. § 455(b)(1) requires recusal where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "To compel recusal under Section 455(b), the movant must

demonstrate that the judge has '*actual* bias or prejudice based upon an extrajudicial source.'" *Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 591 (D.D.C. 2018) (quoting *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000)).

## III. ANALYSIS

### A. Motion for Reconsideration

Judge Friendly once noted that "there is indeed good sense in permitting the trial court to correct its own error." *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964). But here, there is no error to correct, and Webster's arguments to the contrary are unavailing.

Webster first argues that the Court inaccurately described her as alleging retaliation for filing "numerous EEO complaints" when in fact she alleged retaliation for only one EEO complaint filed in 2002. *Id.* at 1–4. But even if she is correct, the Court's decision did not rely in any way on the number of EEO complaints that triggered the alleged retaliation.[2] *See* Mem. Op. & Order. And Webster has not shown how the error—assuming one exists—would result in harm or injustice. *See Scahill*, 286 F. Supp. 3d at 17–18.

Webster next argues that the Court construed her *pro se* complaint too narrowly by not reading it to state a claim under the ADEA. Pl.'s Objection at 4–5. The Court recognizes the need to liberally construe *pro se* plaintiffs' complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Indeed, it did so here when it addressed a potential *Bivens* claim that Webster did not clearly raise. Mem. Op. & Order at 7. But even the most forgiving interpretation of the complaint does not reveal an age discrimination claim. Assuming that a conclusory assertion of "age discrimination" could suffice to state a claim under the ADEA, Pl.'s

---

[2] A Title VII retaliation claim's success is not dependent on how often the plaintiff made charges against the defendant. *See* 42 U.S.C. § 2000e-3(a). Title VII prohibits retaliation even if the plaintiff only "made *a* charge." *Id.* (emphasis added).

4

Objection at 4; *but see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Webster did not make any such assertion—plausibly or otherwise—in her Complaint.  Rather, she alluded to a potential "age discrimination" claim for the first time in her amended opposition brief.  Pl.'s Am. Opp'n to Mot. Dismiss, Dkt. 17.  However, "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Hawkins v. WMATA*, No. 17-cv-1982, 2018 WL 2023509, at *9 (D.D.C. Apr. 27, 2018) (quoting *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003)).  In any event, the Court also held that the ADEA claims against Keefe, Lee, and Rickert failed for a different reason—Webster named the wrong defendants.  As the Court explained in its opinion, the "only proper defendant" in an ADEA case "is the head of the department of agency being sued."  Mem. Op. & Order at 7 (quoting *Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 67 (D.D.C. 2011)).  Because even the most liberal construction of Webster's complaint could not make an improper defendant proper under the ADEA, Webster has not met her burden of showing that harm or injustice would result if reconsideration is denied.

Webster also argues that Keefe, Lee, and Rickert are ultimately to blame for the years of discrimination she experienced.  Pl.'s Objection at 5.  But regardless of who is to blame *morally*, Keefe, Lee, and Rickert are not to blame *legally*—under any of the three causes of action raised in the complaint.  *Cf. Barbour v. Browner*, 181 F.3d 1342, 1347 (D.C. Cir. 1999) (noting that "[n]ot all abuse behavior . . . is actionable" under Title VII).  Webster provides no new law or facts calling this Court's previous reasoning into question.  The dismissed defendants are not "the head of the [federal] department, agency, or unit" and thus are not proper defendants under Title VII.  42 U.S.C. § 2000e-16(c); *accord Webster v. Mattis*, 279 F. Supp. 3d 14, 18 (D.D.C. 2017).  They are federal employees; thus, there is no cause of action under 42 U.S.C. §§ 1981

5

and 1983. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005); *DynaLantic Corp. v. U.S. Dep't of Def.*, 885 F. Supp. 2d 237, 291 (D.D.C. 2012). Webster failed to plausibly allege a *Bivens* claim against Keefe, Lee, and Rickert because she asserted only a few conclusory sentences in her Complaint about vague violations of her "constitutional rights." Compl. ¶¶ 312, 316; *see Klayman v. Obama*, 125 F. Supp. 3d 67, 89 (D.D.C. 2015) ("Plaintiffs' single, conclusory sentence provides no context identifying which rights have allegedly been violated.").

Undeterred, Webster argues that she is still entitled to relief against Keefe, Lee, and Rickert under yet another statute—18 U.S.C. § 242. Pl.'s Reply at 3. But § 242 is a criminal statute that does not provide a private cause of action. *Al-Hakim v. Obama*, 650 F. App'x 29 (D.C. Cir. 2016) (unpublished table decision) (per curiam). It cannot be used against the dismissed defendants.

In sum, this Court correctly concluded that Webster did not state a claim against the dismissed defendants. Webster has not met her burden "to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *United States ex rel. Westrick*, 893 F. Supp. 2d at 268. The Court will therefore deny Webster's motion for reconsideration.

### B. Motion to Disqualify

Webster seeks the removal of the undersigned and a transfer to the Judge previously assigned to her case. Pl.s' Objection at 5. But she has no legal basis for compelling recusal. Webster first "objects to a white Judge replacing a black Judge in a case where the Defendants are all white." *Id.* However, a party cannot compel recusal based on a judge's race alone. *See*

*Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696, 717 (W.D.N.Y. 2015) (denying recusal where movant had presented only unsubstantiated claims of racial bias and prejudice).

Webster goes on to suggest that the undersigned be removed based on purported errors in the Court's prior opinion. Pl.'s Objection at 5–6. But as the Supreme Court has made clear, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see also United States v. Williamson*, 903 F.3d 124, 137 (D.C. Cir. 2018) ("The majority of Williamson's arguments in favor of recusal are rooted in legal disagreements with the district judge's rulings against him, which do not afford grounds for a recusal."). "[A]part from surrounding comments or accompanying opinion," unfavorable judicial rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555. Webster does not point to any extrajudicial source that could have tainted the Court's rulings, and her minor disagreements with the Court's memorandum opinion do not come anywhere close to establishing the "rarest circumstances" that might show the kind of "favoritism or antagonism" required in the absence of such a source. *Id.*

Lastly, Webster argues that the previous Judge is "more familiar" with her case and another case filed by her husband. Pl.'s Objection at 6. But familiarity—or a lack thereof—is simply not a basis for recusal. *See* 28 U.S.C. 455(a)–(b).[3]

---

[3] The Court notes that Webster's case was designated as "related" to her husband's, *see* Notice of Related Case, Dkt. 2, and that Local Rule 40.5(d) permits parties to move to consolidate related cases before the same judge, LCvR 40.5(d). But the related case, *Webster v. Mattis*, No. 1:16-cv-2114, was transferred to the Eastern District of Virginia on December 5, 2017, and is no longer subject to this Court's local rules. Thus, construing Webster's request as a motion to consolidate would not change the result.

Because Webster has not provided a valid basis for compelling recusal, the Court will deny her Motion to Disqualify.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the plaintiff's Motion for Reconsideration, Dkt. 20, is **DENIED**. It is further

**ORDERED** that the plaintiff's Motion to Disqualify, Dkt. 20, is **DENIED**.

                                                                                                    _____
                                                                                                    DABNEY L. FRIEDRICH
                                                                                                    United States District Judge

Date:  October 26, 2018